ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| New Iraq Ahd Company | )   ASBCA No. 58778 |
| | ) |
| Under Contract No. 000000-00-0-0000 | ) |

APPEARANCE FOR THE APPELLANT:      Mr. Abbas Abed Mohsin
Owner

APPEARANCES FOR THE GOVERNMENT:      Raymond M. Saunders, Esq.
Army Chief Trial Attorney
CPT Vera A. Strebel, JA
Trial Attorney

<u>OPINION BY ADMINISTRATIVE JUDGE DICKINSON
ON THE GOVERNMENT'S MOTION TO DISMISS
FOR LACK OF JURISDICTION</u>

Appellant, New Iraq Ahd Company (NIAC) seeks $175,440.00 USD as compensation for materials it purchased to install a fence along a major transportation route in Iraq. The government moves to dismiss the appeal for lack of jurisdiction on the basis that no contract was ever issued to NIAC. NIAC opposes the motion.

<u>STATEMENT OF FACTS FOR PURPOSES OF THE MOTION</u>

1. On 11 August 2008 the Commander, Camp Taji, Iraq, issued a Memorandum for Record (MFR) proposing the construction of a new fence along Route Tampa, a major transportation route in Iraq (R4, tab 1):

> Trash continually piles along the road, in the shoulder, and eventually travel into the surrounding villages. The trash is a constant visual reminder of poverty and lack of economic development, which is not the case for the area. The Fence would limit the trash movement and allow civil works employees to collect the trash easier. This fence will demonstrate progress and economic development within the local communities.

The MFR included a projected cost of $245,815.00 USD, indicated that funding was not yet available and that, once funded, a contractor would be given a Notice to Proceed (NTP) (*id.*).

2. On 5 September 2008 a Memorandum of Agreement (MOA) between the government and NIAC was executed, the terms of which included:

> 1. 2-14, 2nd BDE, 25th Infantry Division has requested to install a fence on Route Tampa on the western side of the south bound lane from MB 3318 9882 to 38S MB 3500 9617.
>
> 2. The following outlines the terms of this agreement:
>
> > ....
> >
> > E. This agreement will not become effective until funding is approved and the contractor is notified by the Project Officer to begin work.
> > F. Funds are not presently available for this contract. The Government's obligation under this contract is contingent upon the availability of appropriated funds from which payment for contract purposes can be made. No legal liability on the part of the Government for any payment may arise until funds are made available to the Contracting Officer for this contract and until the Contractor receives notice of such availability, to be confirmed in writing by the contracting officer.
> >
> > ....
>
> 3. By signing below both parties agree to the terms in paragraph 2.

(R4, tabs 2-3A) The MOA was signed by both the government and NIAC (compl.; R4, tabs 2-3A). There was nothing in the MOA directing NIAC to perform any work or preparation for work prior to funding followed by the issuance of an NTP.

3. After signing the MOA, NIAC elected to purchase materials with which to construct the fence, incurring costs of $175,440.00 USD (compl.; app. opp'n).

4. Funding never became available for the project and an NTP was never issued to NIAC (R4, tabs 3-3B; compl.; app. opp'n). It is undisputed that NIAC did not perform any of the work described in the MOA.

2

5. On 17 July 2013, almost five years after signing the MOA, NIAC contacted the Board seeking payment of $175,440.00 USD. The matter was docketed on 18 July 2013 as ASBCA No. 58778.

## DECISION

The Board has jurisdiction under the Contract Disputes Act (CDA) of 1978, 41 U.S.C. §§ 7101-7109, involving disputes that arise under or relate to contracts for the procurement of goods or services. The MOA entered into by NIAC and the government expressly made the agreement contingent upon the availability of funds. The funds never became available and, by its express terms, the agreement therefore never became binding on either the government or NIAC. It is undisputed that NIAC did not provide any goods or services to the government under the terms of the MOA. The purchase of materials made by NIAC prior to funding and receipt of an NTP was a unilateral decision made by NIAC and NIAC alone bore the risk that the project would not be funded.

The government's motion to dismiss for lack of jurisdiction is granted because there was never any contract.

Dated: 12 June 2014

DIANA S. DICKINSON
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

3

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 58778, Appeal of New Iraq Ahd Company, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals